# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**Sandra Ellen Bench**                                                                     **PLAINITFF**

**v.**                     **No. 4:15CV00239-SWW-JTR**

**Carolyn W. Colvin,**
**Acting Commissioner,**
**Social Security Administration**                              **DEFENDANT**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Susan W. Wright. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Wright may adopt the recommended disposition without independently

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

reviewing all of the record evidence.

## Reasoning for Recommended Disposition

Sandra Ellen Bench seeks judicial review of the denial of her application for social security disability benefits.[3] Bench's last full-time job was at a fast food restaurant.[4] She applied for disability benefits after being terminated.[5] She based disability on osteoarthritis, diabetes, obesity, back pain, ulcers, an enlarged heart, high blood pressure, and swelling in the legs, ankles, and feet.[6]

**The Commissioner's decision**. After considering the application, the ALJ identified severe impairments: musculoskeletal disorder (back disorder, lumbar spine degenerative joint disease, and osteoarthritis), musculoskeletal disorder (degenerative joint disease and osteoarthritis/tenosynovitis in both knees), endocrine disorder (diabetes mellitus with lower extremity edema), obesity, mental disorder (mood disorder, depression), and mental disorder (personality disorder not otherwise specified).[7] The ALJ determined the impairments limit Bench to unskilled sedentary

---

[3]SSA record at pp. 159 & 163 (applying on July 15 & 25, and alleging onset of disability on May 12, 2011)

[4]*Id*. at pp. 213 & 282.

[5]*Id*. at p. 346 (reporting she was terminated for being rude to customers).

[6]*Id*. at p. 190.

[7]*Id*. at pp. 11-12.

work.[8]  After consulting a vocational expert, the ALJ determined jobs exist that Bench can do.[9]  The ALJ concluded that Bench is not disabled and denied the application.[10]

After the Appeals Council denied review,[11] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[12]  Bench filed this case to challenge the decision.[13]

Bench argues that the ALJ erred: (1) in evaluating her credibility; and (2) in assessing her RFC. For the reasons discussed below, the Court concludes that Bench's second argument has merit.

When reviewing a decision denying an application for disability benefits, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14]  For substantial evidence to exist, a reasonable mind

---

[8]*Id*. at p. 15.

[9]*Id*. at p. 19.

[10]*Id*. at p. 20.

[11]*Id*. at p. 1.

[12]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[13]Docket entry # 1.

[14]*See* 42 U.S.C. § 405(g) (requiring district court to determine whether Commissioner's findings are supported by substantial evidence and whether

must accept the evidence as adequate to support the determination that Bench can do unskilled sedentary work.[15]

Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[16] The ALJ excluded climbing, kneeling, crouching, and crawling, and limited balancing and stooping. The ALJ required work involving simple, routine, repetitive tasks; incidental interpersonal contact with coworkers and supervisors; no contact with public; and simple, direct, concrete supervision.[17]

After determining Bench's ability to work, the ALJ questioned a vocational expert about available work. The vocational expert identified assembler and production worker as available jobs.[18] Bench claims the ALJ should have obtained

---

Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[16]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[17]SSA record at p. 15.

[18]*Id*. at pp. 63-64.

4

supplemental vocational evidence.

Notably, the ALJ's RFC did *not* preclude Bench from reaching.[19] However, after the administrative hearing, Bench underwent a consultative physical examination from Dr. John Dobbs. Among other things, Dr. Dobbs completed a "Medical Source Statement" limiting Bench from any reaching.[35] Dr. Dobbs wrote that Bench's "bad knees" supported the reaching limitation.[36] In his decision, the ALJ discounted Dr. Dobbs' reaching limitation because it was "not supported by objective findings[.]"[19] Moreover, the VE was not asked any hypothetical questions about the availability of work in the national economy with a "no reaching" limitation.

The problem with the ALJ's analysis is that Bench's bad knees were an "objective finding" which supported the reaching limitation. In fact, the ALJ found that "osteoarthritis/tenosynovitis in both knees" and morbid obesity were among Bench's "severe impairments."[20] The ALJ's rejection of Dr. Dobbs' reaching limitation for lack of "objecting findings" effectively substituted the ALJ's medical

---

[19]*Id.* at p. 15.

[35]*Id.* at p. 426.

[36]*Id.*

[19]*Id.* at p. 16.

[20]*Id.* at pp. 11-12.

opinion for an examining physician. *See Pate-Fires v. Astrue*, 564 F.3d 935, 947 (8th Cir. 2009) (*citing Rohan v. Chater*, 98 F.3d 966 (7th Cir. 1996) (an ALJ should not make "independent medical findings").

While there may be good reasons for discounting Dr. Dobbs' reaching limitation, the ALJ is still required to perform a proper and complete analysis of the relevant medical evidence of Bench's limitations.

## Conclusion and Recommended Disposition

IT IS THEREFORE RECOMMENDED THAT the Commissioner's decision be reversed and that this matter be remanded to the Commissioner for further proceedings pursuant to "sentence four," within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On remand, the ALJ should carefully update the medical record and ensure that he obtains and considers all of the medical evidence to support his RFC assessment, including the limitations assessed by any consultative examiners. If necessary, the ALJ should also obtain supplemental VE testimony to support his Step 5 analysis.

Dated this 1st day of July, 2016.

_____
United States Magistrate Judge